UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LORENZO HARRISON, | ) | CASE NO. 1:13 CV 2208 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DONALD MORGAN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On October 7, 2013, petitioner *pro se* Lorenzo Harrison filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Petitioner is incarcerated in an Ohio penal institution, having been convicted of aggravated arson on February 22, 2000, for which he received two year prison sentence. *See, State v. Harrison,* Cuy. Cty Comm. Pls. No. CR-99-3842422, cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.

It is evident on the face of the petition and memorandum in support that petitioner's sentence was completed and has expired. He nevertheless argues he meets the "in custody" requirement for purposes of seeking habeas relief because his sentence for a later conviction was enhanced by the aggravated arson conviction. However, once a sentence has fully expired, the collateral consequence of a subsequent sentence enhancement does not render a prisoner in custody to challenge his conviction. *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989); *Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001).

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.


Dated: March 6, 2014                      *s/         James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE